IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:23-CV-26-RAH |
| | ) |
| RAILROAD RETIREMENT BOARD, | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

On May 15, 2023, the Magistrate Judge recommended this case be dismissed without prejudice for lack of subject matter jurisdiction and that the motion to amend be denied as futile. (Doc. 25.) On May 24, 2023, Plaintiff David Powell filed Plaintiff's Motion and Answer to this Court of Proper Jurisdiction, which the Court has construed as Objections (Doc. 26) to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must

be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff objects to the Magistrate Judge's determination that this Court lacks subject matter jurisdiction. He contends this Court has jurisdiction pursuant to the Federal Interstate Commerce Act, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. . . ." 28 U.S.C. § 1337(a). He argues that *Finnerty v. Cowen*, 508 F.2d 979 (2nd Cir. 1974), supports his contention that a district court has subject matter jurisdiction over cases involving the receipt of retirement benefits. The circumstances of *Finnerty*, however, are distinguishable. In *Finnerty*, a widow receiving retirement benefits sought to enjoin, as unconstitutional, the operation of certain sections of the Railroad Retirement Act ("the Act") requiring the reduction of annuities to offset earnings of recipients. *Id*. In this case, Powell does not challenge the constitutionality of the Act. Instead, Powell challenges a domestic relations order of the Circuit Court of Cook County regarding the distribution of his Railroad Retirement Act benefits to his ex-wife and/or seeks review of a decision by the Railroad Retirement Board to comply with the domestic relations order. Consequently, this Court agrees with the Magistrate Judge that this court lacks subject matter jurisdiction.

Accordingly, upon an independent review of the record, it is

ORDERED as follows:

1. The Objections (Doc. 26) are OVERRULED;

2. The Recommendation (Doc. 25) is ADOPTED;

3. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 9) is GRANTED;

4. Plaintiff's Motion for Judgment (Doc. 18) be DENIED; and

5. This case is DISMISSED without prejudice.

DONE, on this the 30th day of May 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE